Per Curiam.

This case has previously been before the supreme court, Hireen v. The R. W. English Lumber Company, 42 Colo., 216, 104 Pac., 84. The case was carefully considered in the supreme court, and as the facts are there clearly stated, a repetition is not required at our hands. There appears to have been no new evidence offered on the second trial, which resulted in the judgment from which this appeal now before us was taken. The only matter not common to both appeals grows out of the amendment to the complaint which plaintiff, under permission given by the supreme court, made prior to the last trial. Some question was made on the former appeal as to whether the complaint stated a cause of action for money had and received,. and while the court did not hold the complaint defective in that respect, it permitted the plaintiff to amend her complaint, if she desired so to do. Pursuant to this permission, presumably, plaintiff did amend her complaint by adding thereto a third cause of action on which she attempted, to state a cause of action for money had and received, but which, instead of statiug the facts constituting her cause of action in plain and concise language, as required by our code, conclusions of law were stated, and, therefore, the complaint, perhaps, failed to state a good cause of action under the code; nor was it in common-law form a declaration for money had and received. However, conceding this cause of action was not well pleaded, its sufficiency was not attacked by demurrer or by objection to the evidence on the ground that the complaint did not state a cause of *201 action as for money had and received. The evidence shows beyond controversy that the plaintiff paid to the defendant $500, taking a promissory mote, under an honest but mistaken belief that the note was executed by an agent of the defendant authorized to borrow money for the defendant and give its promise for payment; that the money so paid to the defendant went into its bank account and was checked out in the usual course of business and so appropriated by it. It was further shown that'the agent, although manager of the defendant’s business, exceeded his authority in borrowing the money and giving defendant’s note therefor. Under these circumstances, it would be inequitable and unjust to permit the defendant to enrich itself by retaining the money of the plaintiff, paid to it by plaintiff under a mistake of fact. Such has frequently been held to be the law, and suit for money had and received maintained. — Keener, Quasi-Contracts, pages "114-115.
In Deery v. Hamilton, 41 Ia., 18, it is said:
“The estate has received the benefit of the amount which was advanced by defendant. It ought, in good conscience, to repay it with legal interest. This is not required because of the contract under which the money was borrowed, which is invalid, but on the ground that the estate has had the benefit of the money received from defendant. ’ ’
Our supreme court, when this case was before it, held that to sustain an action for money had and received, it is only necessary to show that the defendant has obtained money which in equity and right it ought to return. — Hireen v. English Lumber Co., supra. That announcement is in harmony with the authorities herein-above cited, and having been announced by our supreme court in the former consideration of this case, may well be said to be the law of the case. The evidence was amply sufficient to support the verdict of the jury upon *202 a. proper plea of a cause of action for money had and received, and it would be an idle waste of time and of money, and wholly without advantage to appellant, to return the case to the trial court for further amendment, substantial justice having been done. — Colorado Springs v. Allen, 48 Colo., 4-8, 108 Pac., 990.
It has frequently been ruled that where, upon a proper application interposed in apt time, it would become the duty of the trial court to permit a complaint to be amended to correspond with the proof, it will be the duty of a court of review to treat the complaint as so amended. —Merritt v. Hummer, 21 Colo. App., 568, 122 Pac., 816; Lang v. Crescent Coal Co., 44 Wash., 267, 87 Pac., 261.

Judgment Affirmed.